UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
                                                                 ::
MELSON RAHEEN MATHIS                               :    NOT FOR PRINT OR
                                                   :    ELECTRONIC
                          Petitioner,              :    PUBLICATION
                                                   :
    -against-                                      :    ORDER
                                                   :
UNITED STATES OF AMERICA                           :    10-CV-337 (ARR)
                                                   :
                          Respondent.              :    Relates to: 02-CR-891 (ARR)
                                                 X             09-CV-1101(ARR)
----------------------------------------------------------------

ROSS, United States District Judge:

Melson Raheen Mathis (Mathis), currently incarcerated at F.C.I. Allenwood, brings this motion, styled as one pursuant to 28 U.S.C. § 2106, to vacate his sentence for "plain error" under Rule 52(b), Fed. R. Crim. P. Although the relief requested in the motion is that the "U.S. Appellate Court for the Second Circuit . . . vacate . . . the judgment of the lower court," Mathis Memorandum of Law at p. 5, and although the Certificates of Service attached to the motion papers recite that the papers were filed directly with the United States Court of Appeals for the Second Circuit, the motion was not in fact transmitted to the circuit but filed, instead, in the district court. If Mathis intended to submit these papers to the Second Circuit in connection with his pending appeal, he must transmit them directly to that court, with notice to this court that he has done so.[1] Alternatively, if he intended to file the motion here, he must so notify the court and I shall stay the motion, for the reasons set forth below, pending the resolution of his appeal.[2]

---

[1] In the event that Mathis did not retain a copy of his motion papers for filing in the Court of Appeals, a copy is enclosed with this opinion.

[2] By order dated February 2, 2010, I previously notified the parties that the order signed and dated January 29, 2010 in this action, which had been mailed to the parties, had been

## Discussion

Mathis previously challenged his 2005 conviction and sentence by filing a petition pursuant to 28 U.S.C. § 2255 with this court on March 3, 2009. That petition was denied on the merits by Opinion and Order dated June 23, 2009. See Mathis v. United States, No. 09-CV-1101 (ARR). By Notice of Appeal dated July 13, 2009, Mathis appealed the dismissal to the Second Circuit where the appeal currently remains pending. See Mathis v. United States, No. 09-3379-pr.

Because Mathis's first § 2255 petition challenging his 2005 conviction was on appeal in the Second Circuit at the time he filed the instant motion, this motion is not a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005), the circuit held that § 2255's "gatekeeping" provision does not apply to subsequent petitions filed before the completion of the appeal of a district court's dismissal of the first petition. Specifically, the circuit clarified that "so long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions." Hence, this motion properly remains before me if Mathis in fact intended to file it here.

Under circumstances such as those presented here, where defendant's two petitions are not simultaneously before the district court, the Whab court saw "no reason . . . to instruct the district court to treat the new petition as a motion to amend the initial petition." Id. at 199. Rather, the circuit directed the district court to take "whatever further action the district court

---

withdrawn and would not be docketed in the court file.

2

finds appropriate." Id. Because a disposition of the pending appeal in Mathis's favor would render the instant motion unnecessary, it would be premature to consider the propriety, timeliness, or merits of the instant motion at this time. Therefore, like the district court in Breeden v. Ercole, No. 06-CV-3860, 2007 WL 3521184 (E.D.N.Y. Nov. 14, 2007), should Mathis elect to pursue his motion before me, I shall stay the instant petition until the Second Circuit rules on Mathis's appeal.

## Conclusion

Accordingly, if Mathis expresses his desire to proceed before me, I hereby stay the instant petition for the reasons set forth above. No answer shall issue at this time and all further proceedings shall be stayed until the Second Circuit has ruled on petitioner's appeal, Mathis v. United States, No. 09-3379-pr. Mathis is directed to inform me by February 13, 2010, whether he will proceed before me or refile his papers in the Court of Appeals. If the motion remains pending before me, he is also directed to inform me as to the outcome of his appeal in the Second Circuit.

SO ORDERED.

/S/

_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
       February 2, 2010

**COPIES WERE FORWARDED TO:**

Melson Raheen Mathis
#21289-057
FCI-Allenwood (1-B)
P.O. Box 2000
White Deer, PA 17887

Kelly Currie
Assistant U.S. Attorney
U.S. Attorney's Office
271 Cadman Plaza
Brooklyn, NY 11201