D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

MELSON RAHEEN MATHIS                      :     10-CV-337 (ARR)
                                          :
                       Petitioner,        :     NOT FOR PRINT OR
                                          :     ELECTRONIC
    -against-                             :     PUBLICATION
                                          :
UNITED STATES OF AMERICA,                 :     ORDER
                                          :
                       Respondent.        :
                                          X
--------------------------------------------------------------------

ROSS, United States District Judge:

On November 29, 2005, petitioner, Melson Raheem Mathis, was sentenced in this court to 282 months of incarceration for the crimes of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(A) & 846, and use of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). United States v. Mathis, 02-CR-891 (ARR). Although a non-guideline sentence was imposed, petitioner received 162 months of incarceration for the heroin conspiracy and a consecutive sentence of 120 months for his use of a firearm, pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). His conviction was affirmed by the United States Court of Appeals for the Second Circuit on November 29, 2007, see United States v. Lytch, 255 F. App'x 600 (2d Cir. 2007), and the United States Supreme Court denied his petition for a writ of certiorari on March 24, 2008. Mathis v. United States, 552 U.S. 1288 (2008). On March 9, 2009, petitioner challenged his 2005 conviction and sentence by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The petition was

1

denied on the merits by Opinion and Order dated June 23, 2009. See Mathis v. United States, 09-CV-1101(ARR).

On January 14, 2010, while petitioner's appeal of this court's denial of his habeas petition was pending in the Second Circuit Court of Appeals, petitioner filed the instant motion, styled as one pursuant to 28 U.S.C. § 2106, to modify or vacate his sentence for "plain error" under Rule 52(b) of the Federal Rules of Criminal Procedure. By order dated February 2, 2010, this court found that petitioner's motion was not a "second or successive" petition within the meaning of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005), and stayed action on his new petition until the Second Circuit ruled on petitioner's appeal. By Mandate issued May 6, 2010, petitioner's appeal was dismissed for failure to make a "substantial showing of the denial of a constitutional right." See Mathis v. United States, 09-3379-pr (2d Cir. May 6, 2010). For the reasons set forth below, the instant petition is now dismissed.

## DISCUSSION

A.  <u>Petitioner's Motion Must be Construed as a § 2255 Petition</u>

Petitioner's motion is styled as one pursuant to 28 U.S.C. § 2106. Section 2106 provides that "[t]he Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment . . . lawfully brought before it for review." See 28 U.S.C. § 2106. The statute does not apply to this court because it is not a court of appellate jurisdiction. Since petitioner stated in his February 17, 2010 submission that he wishes to proceed in this court with the instant challenge to his sentence, the only basis for jurisdiction over this motion is pursuant to 28 U.S.C. § 2255.

Petitioner's motion seeks a modification of his sentence for "plain error" under Rule 52(b) of the Federal Rules of Criminal Procedure. Rule 52(b) does not contain a procedural mechanism that can be used to challenge the validity of, or correct errors in, a sentence. Rather, Rule 52(b) contains a standard to be used by courts in reviewing claims of error. Petitioner, who is in custody, is claiming that his sentence is subject to collateral attack and is asking the court that imposed the sentence to vacate it; therefore, the motion should have been brought as one for habeas corpus relief under 28 U.S.C. § 2255.

The Second Circuit has held that district courts should not re-characterize a motion purportedly made under some other rule as a motion pursuant to § 2255 unless the petitioner receives notice of the re-characterization and an opportunity to withdraw the motion. Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998). But since petitioner has already challenged this sentence by filing a motion for relief under 28 U.S.C. § 2255, the court need not give petitioner notice and the opportunity to withdraw the instant motion. See Jiminian v. Nash, 245 F. 3d 144, 148 (2d Cir. 2001). The court therefore treats the instant petition as a motion pursuant to 28 U.S.C. § 2255.

For the reasons detailed in the court's February 2, 2010 order, the instant petition is not "second or successive" within the meaning of the AEDPA. See Whab, 408 F.3d at 118 ("[S]o long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second and successive' petitions."). Under Whab, this court need not treat the instant petition as a motion to amend the initial petition, see id. at 119, particularly because the initial petition had been denied and judgment entered prior to the filing

3

of the instant petition and therefore there is no first petition to amend. See Lynch v. Lord, No. 01-CV-0641, 2008 WL 343085, at *5 n.4 (W.D.N.Y. Feb. 6, 2008). Under Whab, this court may take "whatever further action [it] finds appropriate." Whab, 408 F.3d at 119.

B. The Petition is Time-Barred and, In Any Event, Lacks Merit

It was premature to consider the propriety, timeliness, or merits of the instant motion while petitioner's first petition was pending on appeal before the Second Circuit. The court now finds that the instant petition must be dismissed as time-barred and, in any event, lacks merit.

Under AEPDA, a one-year statute of limitations period applies to § 2255 petitions. See 28 U.S.C. § 2255(f). AEDPA provides that a petition must be filed no later than one year from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The only two starting points that possibly could apply in petitioner's case are § 2255(f)(1) and (f)(3). Under § 2255(f)(1), the petition is time-barred because petitioner's conviction became final on March 24, 2008 when the United States Supreme Court denied his petition for a writ of

4

certiorari and therefore any petition for a writ of habeas corpus had to be filed by March 24, 2009 in order to be considered timely. The instant petition was filed on January 14, 2010, nearly ten months after the filing deadline.

Under § 2255(f)(3), the instant petition is also time-barred. Petitioner argues in the instant petition that his sentence should be set aside due to a change governing mandatory minimums that occurred after his sentencing and his direct appeal. In United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), the Second Circuit interpreted the language of 18 U.S.C. § 924(c) ("[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by another provision of law") such that if the defendant were subject to a longer mandatory minimum for another firearm-related charge than the sentence set forth in section 924(c), the section 924(c) minimum would not be applied. Id. at 151. In United States v. Williams, 558 F.3d 166 (2d Cir. 2009), decided on March 5, 2009, the Second Circuit expanded the Whitley interpretation of section 924(c) to apply to a defendant convicted of a firearms charge under section 924(c) and a narcotics trafficking charge carrying a mandatory minimum. The court held that "the mandatory minimum sentence under section 924(c)(1)(A) is also inapplicable where the defendant is subject to a longer mandatory minimum sentence for a drug trafficking offense that is part of the same criminal transaction or set of operative facts as the firearm offense." Id. at 168. In the instant motion, petitioner seeks resentencing in accordance with the Whitley and Williams decisions. However, because there has not been any Supreme Court case granting retroactive rights to cases on collateral review, § 2255(f)(3) is inapplicable, and this petition is time barred. See United States v. Darco, No. 09-1874-cr, 2010 WL 1932317, at *2 (2d Cir. May 14, 2010) ("To the extent that [the defendant] challenges the legality of the sentence imposed, the

5

proper vehicle for such a challenge would be a motion pursuant to 28 U.S.C. § 2255. However, we express no views at to whether, on such a motion, the rule of Whitley and Williams would be available on collateral attack."); Lewis v. United States, No. 10-CV-5260, 2010 WL 3069577, at *3-4 (S.D.N.Y. July 29, 2010).

The court finds no basis for equitable tolling of the statute of limitations. See Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549 (June 14, 2010); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (holding that AEDPA's statute of limitations may be equitably tolled only in "rare and exceptional circumstance[s]" and only if "the party seeking equitable tolling [has] acted with reasonable diligence throughout the period he seeks to toll."). Thus, the instant petition must be dismissed as untimely. See Lynch, 2008 WL 343085 at *5-6 (W.D.N.Y. Feb. 6, 2008).

In any event, the petition must be dismissed on the merits. Petitioner was sentenced for two offenses: (1) conspiracy to distribute and to possess with intent to distribute heroin and (2) use of a firearm in relation to a drug trafficking crime. As the offense of conspiracy to distribute and to possess with intent to distribute heroin carried a mandatory minimum prison term of ten years, and the mandatory minimum prison term imposed on petitioner on the firearms count pursuant to § 924(c)(1)(A)(iii) was also ten years, the mandatory minimum provided for the drug conspiracy offense was the same as, not greater than, the ten-year firearms sentence. Accordingly, the "except clause" of § 924(c)(1)(A) was not triggered by the mandatory minimum provided for petitioner's drug conspiracy offense. See United States v. Payne, 591 F.3d 46, 67-68 (2d Cir. 2010). Thus, there was no plain error in this court's imposition on petitioner of a mandatory consecutive ten-year prison term pursuant to § 924(c)(1)(A).

## CONCLUSION

For the reasons set forth above, the petition is dismissed. A certificate of appealability shall not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c).

SO ORDERED.

/Signed by Judge Ross/

Allyne R. Ross
United States District Judge

Dated: August 26, 2010
Brooklyn, New York

SERVICE LIST:

    *Pro Se Petitioner*
    Melson Raheen Mathis
    # 21289-057
    FCI Allenwood (1-B)
    P.O. Box 2000
    White Deer, PA 17887

    *For Respondent United States*
    Kelly T. Currie, Esq.
    United States Attorney's Office
    Eastern District of New York
    271 Cadman Plaza East
    Brooklyn, NY 11201